**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IGNACIO VALENCIA-AREVALO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 15-72966

Agency No. A205-699-365

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Ignacio Valencia-Arevalo, a native and citizen of Mexico, challenges the

decision of the Board of Immigration Appeals ("BIA") to deny his applications for

asylum and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioner entered the United States without inspection, admission, or parole in 2007, when he was 13. He testified before the Immigration Judge ("IJ") that when he was 19, he was arrested for stealing property with his friend Alfonso Rincon. Petitioner told the police where Rincon lived and pointed out his home. While incarcerated in the same jail, Rincon threatened Petitioner and his family. Petitioner learned that Rincon had been selling drugs and became "afraid that [Rincon] could be some member of a cartel or . . . crime organization in Mexico." Petitioner feared Rincon or a drug-trafficking organization ("DTO") with which he was affiliated would torture or kill him if he returned to Mexico. Petitioner acknowledged that he does not know if Rincon has ties to "criminal elements in Mexico." The IJ found Petitioner credible.

The IJ found that Petitioner's asylum application was time-barred pursuant to 8 U.S.C. § 1158(a)(2)(B). To qualify for an exception, Petitioner must show either changed circumstances that materially affect his eligibility for asylum or extraordinary circumstances directly related to the delay. *Id.* § 1158(a)(2)(D). Petitioner claimed changed circumstances under 8 C.F.R. § 1208.4(a)(4)(i)(B) because he became "involved in [activities] outside the country of feared persecution that place [him] at risk." He feared that Rincon would "harm him as revenge for speaking to [the] police about [Rincon's] involvement in criminal activity." The IJ found that Petitioner "cannot use [Rincon's] alleged threats as a claim for the delay

2

in filing" because Rincon may not presently reside in Mexico.

Alternatively, the IJ found that Petitioner failed to show past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group ("PSG"), or political opinion. The IJ found Petitioner's PSG of "[p]eople who have cooperated with authorities in criminal prosecutions of members of DTOs' is not particular or social[ly] visible." The IJ also found Petitioner's other PSG—Mexicans returning from the U.S.—too broad, under our precedent, to qualify as a cognizable PSG. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). As to the CAT claim, the IJ found that Petitioner had "failed to establish it is more likely than not he will be tortured in Mexico with the acquiescence of the Mexican Government."

Citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA adopted the decision of the IJ. The BIA affirmed the IJ's holding that Petitioner lacked eligibility for asylum relief because his application was not timely filed and the threat from Rincon is "insufficient to establish an exception to the filing deadline because [Petitioner] does not have any information that [he] is in Mexico."[1] In the alternative, the BIA found that Petitioner had not established past persecution or a

---

[1] Petitioner argued for the first time to the BIA that he meets the extraordinary circumstances exception because he entered the United States as an unaccompanied minor, and thus automatically qualifies for an exception under 8 C.F.R. § 1208.4(a)(5)(ii). The BIA did not reach this argument and did not say why it didn't.

3

well-founded fear of persecution in Mexico on account of a protected ground. The BIA found no evidence that Rincon is a member of a DTO and stated that general conditions of crime and violence "do not constitute a basis for a well-founded fear of persecution within the meaning of the act." As for the CAT claim, the BIA found that Petitioner "provided no evidence that anyone seeks to harm him in Mexico, or that he is more likely than not to be tortured and that a government official would not protect him or would acquiesce in that torture."

Because the BIA expressly adopted and affirmed the decision of the IJ and supplemented the IJ's determination with its own reasoning, we review both the IJ's and BIA's decisions. *See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We review "for substantial evidence the factual findings supporting the BIA's decision that an applicant has not established eligibility for asylum, withholding of removal, or relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citations omitted).

Petitioner does not qualify for the changed circumstances exception. As the agency found, the record contains no evidence that Rincon has ties to a Mexican criminal organization. Assuming without deciding that the extraordinary circumstances exception applies, based on his having entered the United States as an unaccompanied minor, Petitioner's asylum claim fails on the merits. Even assuming the validity of Petitioner's PSG—"persons who have cooperated with law

4

enforcement in investigations against people with links to Mexican [DTOs]"[2]—substantial evidence supports the agency's determination that Petitioner is not part of such a group. Petitioner presented no evidence Rincon had links to Mexican DTOs.

Petitioner's CAT claim also fails. Petitioner claims he fears Rincon but has presented no evidence that Rincon is in Mexico or has ties to any DTOs. Petitioner argues that he would be tortured with the consent or acquiescence of a public official because the Mexican government cannot effectively protect its citizens from drug-trafficking organizations. But Petitioner has asserted only a "[f]ear of generalized violence and crime not particular to [himself, which] is insufficient to meet the legal standard for relief under the [CAT]." *See Delgado-Ortiz*, 600 F.3d at 1152. Thus, Petitioner is ineligible for CAT relief.

**PETITION DENIED.**

---

[2] Our precedent forecloses Petitioner's PSG of deportees who may face kidnapping and extortion in Mexico because of their assumed wealth. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016).